DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, John Diewald (aka "Chu Bbakka"), appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms the trial court's judgment.
 I. {¶ 2} On June 12, 2004, Appellee, the Lorain County General Health District, served an Order and Citation on Appellant as owner of the property located at 41871 Adelbert St., Elyria, Ohio. This Order was issued pursuant to R.C. 3707.01 and required Appellant to abate a public nuisance and conditions dangerous to life and health existing on his property. The Order specifically stated that these conditions were present on the property for at least two years. On July 14, 2004, Appellee conducted a hearing pursuant to R.C. 3707.02 regarding the conditions present on Appellant's property wherein it reviewed evidence regarding the property's condition and heard testimony from several witnesses including Appellant. Appellant requested that Appellee afford him two weeks to correct the problems. Based on the evidence and testimony presented therein, Appellee declared Appellant's property a public nuisance and directed its legal counsel to abate the nuisance through court order. Thereafter, Appellee was afforded the additional two weeks to improve the condition of his property.
 {¶ 3} Appellee returned to Appellant's property on August 4, 2004 to conduct a follow-up inspection. Because the condition of the property had not changed since the prior inspection, Appellee filed a complaint for injunctive relief on October 4, 2004. In the complaint, Appellee requested an injunction condemning the property and authorizing it to remove all junk, debris, garbage, etc. on and about the premises. On March 2, 2005, Appellee filed a motion for summary judgment. Appellee supported its motion with (1) the affidavit of a building inspector who examined the premises on August 4, 2004, (2) the affidavit of a sanitarian employed by Appellee who viewed the premises on several occasions including August 4, 2004 and March 2, 2005 and (3) the sworn testimony of the witnesses who appeared before Appellee on July 14, 2004. Appellant replied to the motion but did not submit any affidavits or other evidence. In addition, Appellant filed a motion for jury trial.
 {¶ 4} The trial court granted Appellee's motion on April 19, 2005. Appellant timely appealed from this entry, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"TO RAZE, AS WAS ORDERED, THE PROPERTY DESCRIBED IN THIS CASE WOULD DEPRIVE THE PERSON OR PERSONS INVOLVED OF DUE PROCESS OF LAW, INCLUDING THE INALIENABLE RIGHT TO A TRIAL BY JURY (MOTION FOR JURY TRIAL WAS TIMELY FILED), WOULD CONSTITUTE A VIOLATION OF ARTICLE XIV. SECTION 1 OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND ARTICLE I. SECTION 5 [OF THE] CONSTITUTION OF THE STATE OF OHIO."
 {¶ 5} In his sole assignment of error, Appellant essentially asserts that the trial court erred in granting summary judgment in favor of Appellee. More specifically, Appellant contends that his due process rights were violated when the trial court granted the injunction without affording him a jury trial. We find no merit in this contention.
 {¶ 6} At the outset, we note that Appellant erroneously contends that the trial court ordered that the property be destroyed. In actuality, the trial court found that Appellant's property constituted a nuisance and ordered that, pursuant to R.C. 3707.01 and R.C. 3707.02, Appellee abate the nuisance (i.e. remove the junk, debris, garbage, etc.).
 {¶ 7} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 8} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 10} Pursuant to R.C. 3707.01, Appellee had the authority to abate all nuisances within its jurisdiction:
"The board of health of a city or general health district shall abate and remove all nuisances within its jurisdiction. It may, by order, compel the owners, agents, assignees, occupants, or tenants of any lot, property, building, or structure to abate and remove any nuisance therein, and prosecute such persons for neglect or refusal to obey such orders. * * *
"When a building or * * * premises * * * is, in the opinion of the board, in a condition dangerous to life or health, and when a building or structure is occupied or rented for living or business purposes and sanitary plumbing and sewerage are feasible and necessary, but neglected or refused, the board may declare it a public nuisance and order it to be removed, abated, * * *, or otherwise improved or purified by the owner, agent, or other person having control thereof or responsible for such condition, and may prosecute him for the refusal or neglect to obey such order."
 {¶ 11} In support of its motion for summary judgment, Appellee filed the affidavits of two people who inspected the premises on its behalf as well as the sworn testimony of the witnesses who appeared at the hearing. Appellant replied to the motion but did not submit any affidavits or other evidence in support. The trial court held that there was no genuine issue of material fact regarding the condition of the property and that Appellee was entitled to judgment as a matter of law on the nuisance claim.
 {¶ 12} Upon review of the evidence, we find no error in the trial court's grant of summary judgment in favor of Appellee. Appellee sufficiently demonstrated that Appellant's property constituted a nuisance and Appellant provided no evidence to the contrary. The trial court examined testimony from the July 14, 2004 hearing that, among other observations, (1) access to the premises was blocked by junk vehicles and fencing, (2) the narrow path to the house was impeded by overgrown vegetation and debris, (3) the floorboards of the house contained several holes and (4) entry into the house was made difficult by the piles of junk, furniture and solid waste. Appellee provided photographs of the premises that corroborated the testimony. Further, as the photographs and testimony demonstrated, Appellant failed to make any improvements to the property even when afforded additional time to abate the nuisance. In light of the danger to life and safety presented by these conditions, we find no error in the trial court's grant of summary judgment in favor of Appellee.
 {¶ 13} Appellant additionally contends that the trial court violated his due process rights when it disposed of this action without affording him a jury trial. First and foremost we note that Appellee followed the procedure outlined in R.C. 3707.02. Appellee issued a citation to Appellant on June 12, 2004 and thereafter held a hearing concerning the property on July 14, 2004 wherein Appellant was afforded the opportunity to testify and present evidence and witnesses on his behalf. Appellant was also afforded the opportunity to abate the nuisance but failed to make any improvements to the property. Upon review of the evidence and testimony presented at the hearing, Appellee determined that a public nuisance existed on the property.
 {¶ 14} Moreover, "[t]he right to a jury trial is not absolute. Where a plaintiff seeks primarily equitable relief with attendant and incidental money damages neither party is entitled to a trial by jury." Pyromatics, Inc. v. Petruziello (1983),7 Ohio App.3d 131, 134. "[U]nder Ohio law, a suit for injunctive relief is an action in equity for which no right to jury trial attaches." Premier Courier, Inc. v. Flaherty (Sept. 26, 1995), 10th Dist. No. 95APE01-34, at *4; Mentor v. Nozik (Sept. 23, 1994), 11th Dist. No. 93-L-130, at *4. This action involves a prayer for injunctive relief and consequently, Appellant was not entitled to a trial by jury.
 {¶ 15} Appellant's sole assignment of error is overruled.
 III. {¶ 16} Appellant's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J., Boyle, J., concur.