[Cite as *Rootstown Twp. Bd. of Trustees v. Portage Self Storage*, 2018-Ohio-1674.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| ROOTSTOWN TOWNSHIP BOARD OF TRUSTEES, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2017-P-0049** |
| | : | |
| - vs - | : | |
| | : | |
| PORTAGE SELF STORAGE, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2016 CV 00930.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor; *Pamela J. Holder* and *Christopher J. Meduri*, Assistant Prosecutors, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Lester L. Ferguson*, P.O. Box 160, Xenia, OH 45385 (For Defendants-Appellants).

TIMOTHY P. CANNON, J.

{¶1} Appellants, Portage Self Storage and Lynn Robinson (individually and in her capacity as executor of the estate of Mark A. Robinson, deceased),[1] appeal from the judgment of the Portage County Court of Common Pleas, granting injunctive relief to appellee, Rootstown Township Board of Trustees, and ordering the removal of some 55

---

1. Mark A. Robinson died during the pendency of this appeal. Upon motion, his wife Lynn Robinson, as executor of his estate, was substituted as party on appeal.

containers/steel storage vaults from appellants' property. At issue is whether the trial court erred in entering the foregoing order. We affirm.

{¶2} Mark A. Robinson, prior to his death, and Lynn Robinson (the "Robinsons") own and operate Portage Self Storage ("PSS"), a self-storage facility. The Robinsons also own the real property on which the facility is located in Rootstown Township, Ohio. The property is zoned "light industrial," pursuant to the Rootstown Township Zoning Resolution ("RTZR"), and "mini/self storage" is an allowed use but requires a conditional use permit under RTZR Section 370.03(D)(2). Section 370.02 indicates that Rootstown Township has adopted exclusionary zoning. That section states: "Any use not specifically listed as either a permitted principal or conditional use shall be a prohibited use in these zoning districts * * *." As a result, if a use is not listed as permitted, it is prohibited.

{¶3} During a Rootstown Board of Zoning Appeals ("BZA") hearing, which took place on March 18, 1997, the previous owners of the property, Don and Mark Robinson (the "prior owners"), sought a variance and conditional use permit to place the mini/self-storage facility on the parcel. The minutes of the hearing reflect the prior owners' proposal to construct the facility in two phases. The BZA granted tentative approval of a variance upon meeting the requirements and conditions set forth by the relevant bodies and the RTZR. The BZA also approved the conditional use for a mini/self-storage facility.

{¶4} The minutes of a June 2000 BZA hearing reflect the board was considering a development plan submitted by the prior owners. The BZA minutes state the prior owners sought to erect three buildings "right away and then play it by ear." The BZA granted the application.

2

{¶5} On November 12, 2001, the prior owners submitted another development plan that included an application for a variance and conditional use permit for the parcel. The minutes and application indicate the prior owners wished to combine two properties for 22-34 mini/self-storage buildings and to obtain a variance for "outdoor storage" relating to "boats, campers and other recreational vehicles." At a December 2001 meeting, the BZA granted the application and permit.

{¶6} In July 2014, Mark Robinson filed a development plan applying for a variance on the parcel. The application sought a variance to move two buildings, which the BZA granted.

{¶7} In the summer of 2014, the Robinsons placed numerous large, steel storage vaults on the property. It is undisputed the vaults were used in the course of PSS's business operations. Appellants admitted they had placed as many as 55 storage vaults on the property. Moreover, the vaults were not specifically part of any site-development plan previously submitted and approved and were not mentioned in any previous application for variance or conditional use permit. As of the date of the underlying suit, appellants had not submitted an application for the BZA to approve the use of the vaults as part of the mini/self-storage business.

{¶8} On December 15, 2015, the zoning inspector sent the Robinsons a "Notice of Zoning Violation." The nature of the violation was that "[s]hipping containers/storage containers shall not be allowed for a period of time longer than thirty (30) days in all districts," pursuant to RTZR Section 230.06(C).

{¶9} On October 18, 2016, appellee filed a complaint seeking a permanent injunction enjoining the Robinsons from using the subject property in violation of the

3

RTZR and a fine of up to $250.00 per day of violation. The complaint alleged, inter alia, that RTZR Section 370.03(D)(2) permits "mini/self storage" as a conditionally permitted use, and RTZR Section 370.11 provides that "[u]ses * * * in industrial districts shall be permitted only after development plans have been reviewed and approved according to the procedures set forth in Chapter 620." RTZR Chapter 620 governs "Development Plan Review," and RTZR Section 620.10 provides that "[a]ny departure from such plan shall be considered a violation of this Resolution." Appellee asserted that because the steel vaults were never approved for use on the property through the prior development plan, appellants' use of the vaults were a violation of the resolution. Appellee also asserted the Robinsons were in violation of RTZR Section 230.06(C), the prohibition against containers being stored for longer than 30 days in any zoning district.

{¶10} Appellants filed an answer with a jury demand. Both parties filed motions for summary judgment and duly opposed the same. Appellee submitted proposed findings of fact and conclusions of law, which the trial court subsequently adopted. In its final order, the trial court concluded:

> The placement of these containers on the real property and which were not approved by the BZA as part of any site plan and/or development plan is a violation of the RTZR including: Section 370.02.B. whereby the BZA is to make the determination that the requirements of Chapter 390 (Conditional Use Regulations) according to the procedures set forth in Chapter 630 (Conditional Zoning Certificates): Section 680.03; and Section 230.06(C)(3), of the RTZR.

{¶11} The trial court consequently granted appellee injunctive relief and ordered, "unless otherwise reviewed and approved by the BZA, that the containers/steel storage vaults located on the real property be removed from the real property by February 28,

4

2018." The trial court subsequently granted a stay of execution of this injunction pending appeal.

**{¶12}** Appellants assign five errors for our consideration.

**{¶13}** Preliminarily, the judgment on appeal neither expressly entered summary judgment in appellee's favor nor did it expressly deny appellants' motion for summary judgment. Instead, the judgment purports to make "findings of fact" and "conclusions of law," as though the matter was actually tried. It was not tried, however, and the judgment was entered following the parties' submission of their respective motions for summary judgment. With this in mind, a court does not make "findings of fact" when considering a motion for summary judgment. Rather, the court considers evidential materials, pursuant to Civ.R. 56, and determines whether there are genuine issues of material fact for trial or whether the facts are undisputed such that the moving party is entitled to judgment as a matter of law. Despite the trial court's mischaracterization in its judgment, the so-called "findings of fact" in this case are not in dispute. Thus, even though the trial court did not expressly enter summary judgment, the only dispositive motions pending were the parties' motions for summary judgment. We shall accordingly review appellant's assignments of error under the summary judgment standard of review.

**{¶14}** Summary judgment is a procedural tool that terminates litigation and thus should be entered with caution. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and,

5

viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See, e.g.,* Civ.R. 56(C).

{¶15} With the foregoing in mind, we shall address the assignments of error out of sequence. Appellants' second assignment of error alleges:

> The Trial Court committed prejudicial error in setting forth a finding of fact that the containers were in violation of the site plan even though the site plan was for the construction and location of buildings and was approved for outdoor storage use when a Jury Demand had been filed, no testimony was taken by the Court and no ruling made on either Motion for Summary Judgment which had been filed by each party.

{¶16} Appellants appear to assert that because the 2001 site plan sought to use "outdoor storage," and "outdoor storage" encompasses, under the resolution, "[t]he keeping, in an area outside of a building, of any goods, material, merchandise, vehicles, or junk * * *," there was a genuine issue of material fact regarding whether the steel storage vaults were an approved use. Moreover, at oral argument, counsel for appellants claimed their 2001 application, which was the subject of the December 2001 BZA meeting, sought a variance for (1) "outdoor storage," (2) the storage of boats, and (3) the storage of recreational vehicles. Counsel argued appellants were seeking a variance for each discrete form of storage on the property. Hence, counsel maintained, the steel-storage vaults were a previously approved use. The record, however, does not support appellants' assertions.

{¶17} The Application for Conditional Use permit submitted by the prior owners on November 12, 2001 includes a narrative statement, titled "Justification of Variance," which provides, in relevant part:

> The outdoor storage we are proposing goes hand in hand in the self storage industry. This will serve the community as well. More and

6

more, we [sic] as a community grows, outdoor storage becomes something that is necessary. With the new housing developments going in we have found through phone calls and other means, that deed restrictions are in place regarding the parking of boats, campers, and other recreational vehicles being not permitted. So, this is a growing need as well. As a result they call us either to store their RV or park it there during summer months for them to use.

{¶18} A review of the minutes taken at the December 2001 BZA meeting reflects the following: "[a board member] asked about the plans of the back of the property and outdoor storage. Mark Robinson said the outside storage would be basically recreational vehicles." Additionally, the site plan states, "outdoor rv and boat storage," not, as is now argued, "outdoor storage," "RVs," and "boats." It cannot be disputed, therefore, that the prior owners sought a variance *only* for "outdoor storage" of "boats, campers, and other recreational vehicles." As previously noted, if a use is not permitted, it is prohibited. Because the "outdoor storage" variance was strictly limited in scope, there is no issue of material fact for trial regarding whether the steel vaults were included in the request.

{¶19} Although not directly related to our substantive analysis of this assigned error, an additional point deserves attention. A pervasive theme of appellants' brief is their concern that their jury demand was ostensibly ignored. The trial court, however, did not ignore the demand. It issued an entry dated June 7, 2017, finding the parties stipulated that the issue of the jury demand, and the motion to strike it, may be rendered moot by the ruling on the motions for summary judgment. Because the judgment on appeal was entered after motions for summary judgment had been filed, the order must be construed as entry of summary judgment on appellee's behalf (even though the trial court did not expressly set forth the standard or overtly determine there is no genuine issue of material fact to be litigated). Because we consider the trial court's order an entry

7

of summary judgment, it concluded appellee was entitled to judgment as a matter of law. Thus, no trial was necessary. Nevertheless, even if the court determined issues of fact remained, Ohio law is clear that a suit for injunctive relief is an action in equity for which no right to a jury trial attaches. *Mentor v. Nozik*, 11th Dist. Lake No. 93-L-130, 1994 WL 613779, *3 (Sept. 23, 1994); *see also Lorain Cty. Bd. of Health v. Diewald*, 9th Dist. Lorain No. 05CA008756, 2006-Ohio-1547, ¶14. Additionally, the trial court did not order appellants to pay the requested $250.00 fine per day of violation; its order only granted injunctive relief.

**{¶20}** Appellants' second assignment of error lacks merit.

**{¶21}** Appellants' fifth assignment of error provides:

**{¶22}** "The Trial Court committed prejudicial error in failing to find that Defendants rented storage space as defined by Ohio Revised Code Section 5322 and the RTZR and therefore Defendants were not in violation of the RTZR."

**{¶23}** Appellants note R.C. 5322.01(A) defines a "self-service storage facility" as real property designed and used for the purpose of renting or leasing individual storage space. They maintain "outdoor storage" was approved, pursuant to the minutes of the December 2001 BZA hearing. Thus, they contend the use of the steel storage vaults was not prohibited by the RTZA.

**{¶24}** It is unclear how R.C. 5322.01(A) impacts this case. The limitations on use are established by the RTZR. Regardless, as we have previously concluded, the BZA did not approve a variance for general outdoor storage; rather, the variance was approved solely for outdoor storage of boats, campers, and other recreational vehicles. The trial court did not err in rendering its legal conclusion.

8

**{¶25}** Appellants' fifth assignment of error lacks merit.

**{¶26}** Appellants' third and fourth assignments of error provide:

[3.] The Trial Court committed prejudicial error in setting forth a finding of fact Section 680.03 of the RTZR applies to the use and arrangement of containers when said section applies to buildings and construction of buildings, not tangible personal property thereby finding as a fact that the containers were 'buildings' when a Jury Demand had been filed and the question of fact that needed to be determined by the trier of fact was whether the use and arrangement of the containers was addressed in said section.

[4.] The Trial Court committed prejudicial error in reaching a conclusion that Defendants violated Section 630 of the RTZR requiring a new conditional zoning certificate even though Plaintiff acknowledges that Defendants were approved for indoor/outdoor mini-self-storage and when there were no facts to support that conclusion and when the site plan approved on 12/18/2001 showed outdoor storage to be a part of the use of the property, which facts contradicted the conclusion of the Court and which facts supported the Defendants' position, without the court taking any testimony or having the 'facts' determined by a jury.

**{¶27}** Under their third assignment of error, appellants note that Chapter 680 of the RTZR deals with "enforcement and penalty" and that Section 680.03 specifically addresses situations in which an individual fails to comply with approved plans, building permits, and certificates. They maintain the use of the vaults was consistent with the December 2001 approval of "outdoor storage." Hence, they claim a genuine issue of material fact remains as to whether their use of the vaults was contemplated by the variance issued in 2001.

**{¶28}** Under their fourth assignment of error, appellants note that Chapter 630 of the RTZR pertains to the issuance of conditional zoning certificates. Similar to their third assigned error, they contend the prior owners obtained such a certificate in December 2001. Hence, their use of the vaults complies with Chapter 630.

**{¶29}** As we have previously determined, the prior owners received a variance for outdoor storage of boats, campers, and other recreational vehicles. This use cannot reasonably be interpreted to include 55 large, steel storage vaults. Moreover, in December 2001, the prior owners were issued a conditional use permit for "mini-self storage Bldg. 22-34" and to combine two properties, pursuant to RTZR Section 370.03(D)(2). This does not encompass the use of steel storage vaults.

**{¶30}** Nothing in any of the submissions or applications filed by either the prior owners or appellants indicates they sought approval for use of up to 55 steel vaults from the BZA, either through a site development plan, conditional use application, or conditional zoning certificate. Chapter 370 of the RTZR (governing industrial district regulations) provides that conditionally permitted uses shall be reviewed by the BZA, and the BZA shall determine whether the requirements of Chapter 390 (governing conditional use regulations) have been met according to the procedures set forth in Chapter 630 of the RTZR (governing conditional zoning certificates). Section 630.08 requires the BZA to review a proposed conditional use on the submitted plans and specifications. Section 630.10 provides that a "conditional zoning certificate issued pursuant to this Chapter shall be valid only for the use and the operation of such use as specified on the certificate." Appellants submitted no evidence that the steel vaults were permitted in any previous plan or specification.

**{¶31}** Moreover, Section 370.11 provides, "uses * * * in industrial districts shall be permitted only after development plans have been reviewed and approved according to the procedures set forth in Chapter 620 [governing Development Plan Review]." Section 620.04 provides for the "general development plan submission requirements," which

includes proposed phases of development. Section 620.10 provides that any departure from the development plan shall be considered a violation.

{¶32} Appellants do not assert they affirmatively submitted an application for a conditional use or zoning permit for the vaults; further, they do not assert there was a proposal before the BZA, via a development plan, to use steel storage vaults on the site. Appellants only contend that their use of the vaults was implicit, pursuant to the BZA's approval of previous applications. The record does not support this construction. Hence, we conclude the trial court did not err in concluding appellee was entitled to judgment.

{¶33} Appellants' third and fourth assignments of error lack merit.

{¶34} Appellants' first assignment of error provides:

> The Trial Court committed prejudicial error in failing to rule that the containers in question, when undisputed facts showed the containers were in use on the site in 2014 prior to the passage of the zoning resolution restricting their use on October 13, 2015, were not subject to the resolution since they were grandfathered as a pre-existing non-conforming permitted use under ORC 519.19. [sic]

{¶35} The evidence demonstrated that the steel storage vaults were being used on the property as early as the summer of 2014. RTZR Section 230.06(C)(3), which prohibits shipping containers/storage containers from remaining on a property for more than 30 days, was not approved until either August or October 2015. RTZR Section 150.02(b)(118) defines a "nonconforming use" as "[a] use of a structure or land which was *lawful* when this resolution or any amendment thereto became effective but which does not conform to the use regulations, off-street parking and loading requirements, or performance standards of the district in which it is located" (emphasis added). Appellants contend, at the least, there is a genuine issue of material fact regarding whether the

11

storage vaults are a valid, nonconforming use of the land, thereby negating appellee's RTZR Section 230.06(C)(3) allegations.

{¶36} Pursuant to Section 230.06(C)(3), the trial court properly entered judgment as a matter of law because the record establishes the use at issue was never approved by the BZA and, therefore, never *lawful*. Hence, contrary to this assignment of error, appellants were subject to the RTZR and in violation, pursuant to Chapters 620 and 630.

{¶37} Appellants' first assignment of error lacks merit.

{¶38} For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.